```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         BLUEFIELD
```

LATHRONEA P. GRESHAM,

    Plaintiff,

v.                                CIVIL ACTION NO. 1:92-01003

NORFOLK SOUTHERN CORPORATION
a.d.b.a Norfolk & Western
Railway Company, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

In 1992, plaintiff filed a lawsuit against defendants, her employer, alleging discrimination on the basis of race and sex in violation of both Title VII and the West Virginia Human Rights Act. On July 21, 1994, after a multi-day bench trial, the court entered judgment in favor of defendants and ordered the case removed from the court's docket. On September 8, 1995, the United States Court of Appeals for the Fourth Circuit affirmed the district court's judgment.

On April 2, 2015, plaintiff filed a motion to reopen this case which she titled "Plaintiff's Notice of Motion and Motion to Re-open Legal Actions for Relief from Judgments Pursuant to FRCP 60(4), (6)(d)(3) - Fraud Upon the Court by Officers of the Court, et al to Conceal Violations of Various Laws by Defendants Including Those Defined in 18 U.S. Code Section 1961(1)(A)(B), Etc." (Doc. No. 159). Defendants have filed a response to plaintiff's motion indicating their opposition to reopening the

case, as well as a motion to strike and for sanctions.

After a review of plaintiff's filings, it is clear that she is not entitled to relief under either Federal Rule of Civil Procedure 60(b)(4) or 60(d)(3).  "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."  United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).  Plaintiff does not point to any jurisdictional error or due process violation such that Rule 60(b)(4) is implicated.  Likewise, she has failed to show fraud upon the court.  Of the high bar a litigant faces in proving fraud upon the court, our appeals court recently explained:

> We have likewise underscored the constricted scope of the fraud on the court doctrine.  In Great Coastal, we held that fraud on the court is a "nebulous concept" that "should be construed very narrowly" lest it entirely swallow up Rule 60(b)(3).  675 F.2d at 1356. We stressed that this doctrine should be invoked only when parties attempt "the more egregious forms of subversion of the legal process . . ., those that we cannot necessarily expect to be exposed by the normal adversary process."  Id. at 1357.  Even the "perjury and fabricated evidence" present in Great Coastal, which were "reprehensible" and unquestionable "evils," were not adequate to permit relief as fraud on the court because "the legal system encourages and expects litigants to root them out as early as possible."  Id. Instead, the doctrine is limited to situations such as "bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged."  Id. at 1356.

2

>In succeeding cases we have emphasized this circumscribed understanding of fraud on the court. In <u>Cleveland Demolition Co. v. Azcon Scrap Corp.</u>, we held that fraud on the court involves "corruption of the judicial process itself" and thus the doctrine cannot support allegations involving a "routine evidentiary conflict." 827 F.2d 984, 986 (4th Cir. 1987) (internal quotation marks omitted). To hold otherwise, we found, would "seriously undermine[ ] the principle of finality" by permitting "parties to circumvent the Rule 60(b)(3) one-year time limitation." <u>Id.</u> at 987. Later, in <u>In re Genesys Data Technologies, Inc.</u>, we recognized that "[c]ourts and authorities agree that fraud on the court must be narrowly construed" or it would "subvert the balance of equities" contained within Rule 60(b)(3). 204 F.3d 124, 130 (4th Cir. 2000) (internal quotation marks omitted). "Because the power to vacate a judgment for fraud upon the court is so free from procedural limitations, it is limited to fraud that seriously affects the integrity of the normal process of adjudication." <u>Id.</u> (internal quotation marks omitted). We therefore held that "[f]raud between parties" would not be fraud on the court, "even if it involves [p]erjury by a party or witness." <u>Id.</u> (internal quotation marks omitted).

<u>Fox ex rel. Fox v. Elk Run Coal Co.</u>, 739 F.3d 131, 135–36 (4th Cir. 2014).

As to defendants' motion for sanctions, "[t]he court has the power to impose filing restrictions and sanctions on plaintiffs who repeatedly file frivolous motions and complaints." <u>Karangiannopoulos v. City of Lowell</u>, No. 3:14-CV-728, 2015 WL 4389522, *2 (W.D.N.C. Jul. 17, 2015). This case has been closed for over 20 years and plaintiff is now aware of the extremely high bar she faces in reopening this matter. Furthermore, defendants have incurred needless expense in defending defendant's various filings. For these reasons, plaintiff's

3

motion to reopen is hereby DENIED and the other motions filed are DENIED as moot. In addition,

> PLAINTIFF IS HEREBY WARNED THAT ANY FURTHER FILING OF FRIVOLOUS MOTIONS WILL RESULT IN A PRE-FILING REVIEW ORDER.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

**IT IS SO ORDERED** this 28th day of July, 2015.

ENTER:

David A. Faber
Senior United States District Judge